PROBATE COURT OF JOHNSTON *vs.* LENA H. THORNTON *et al.*

PROVIDENCE—JANUARY 19, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Probate Law and Practice. Actions on Administration Bonds.*

Pending an appeal from the decree of a Probate Court appointing an administrator, an action upon the administration bond to recover the compensation of a custodian allowed by the court cannot be maintained.

DEBT on an administration bond. The facts are stated in the opinion. Heard on demurrer to defendants' plea in abatement. Demurrer overruled.

MATTESON, C. J. This is an action of debt on an administration bond. It is brought for the benefit of John F. Rabbitt, who was on September 30, 1898, appointed by the plaintiff custodian of the estate of Charles H. Thornton, deceased, and who was afterwards allowed by the plaintiff $198.73 as compensation for services as custodian. The suit is to recover that sum.

The defendants have pleaded in abatement of the suit. While the plea is faulty in some respects, to which no objection is made, it sets up as a defence that an appeal from the decree appointing the defendant Lena H. Thornton administratrix is pending in this Division.

To this plea the plaintiff has demurred, and assigned as grounds of demurrer, first, that the claim for which the action is brought is a part of the necessary expenses of administration, and is preferred and has to be paid out of the estate, no matter who the administrator may be; and, second, that it is immaterial that an appeal is pending, because an administrator, pending an appeal from the decree appointing him, has authority and is required to pay the necessary expenses of administration.

Gen. Laws R. I. cap. 210, § 16, is as follows: "In case any order, decree, or determination of any probate court shall be appealed from, the operation of such order or decree shall be suspended until the same shall be affirmed by the supreme court: *Provided*, that if the decree shall be for granting letters testamentary, of administration, or of guardianship, the executor, administrator, or guardian, on giving bond according to law, shall have the power to file an inventory and to collect, receive, and take possession of all the rights, credits and estates of the testator, intestate, or ward, which by law he could have collected, received, or taken possession of if no appeal had been taken; and in case of an appeal, all claims against the estate shall be filed within the times prescribed by law, or by order of court, as if no appeal had been taken, and such executor, administrator, or guardian may, under the direction of the probate court, do such acts as the law requires concerning the receiving or proof of

claims; and all limitations on presentation or proof of claims shall apply as if no appeal had been taken."

(1)     It will be observed that the authority conferred on an administrator from whose appointment an appeal has been taken is limited to the filing of an inventory and to collecting, receiving, and taking possession of the property of the intestate. No authority is given for the payment of any claims or expenses, whether preferred or otherwise, except, perhaps, an implied authority to pay such expenses as may be incident to the taking of an inventory or necessary in collecting, receiving, and taking possession of the intestate's property. While it is doubtless true that an administrator may, if he sees fit, pay expenses of administration, including compensation of a custodian when allowed by the court, since these, doubtless, would be allowed in the settlement of his account, whether his appointment be finally affirmed or not, yet we know of no provision for a suit against him during the pendency of an appeal from his appointment, and therefore we do not think he can be required to make such payments.

Demurrer overruled, and case remitted to the Common Pleas Division with direction to enter judgment for the defendants for costs.

*C. M. Lee and Job S. Carpenter*, for plaintiff.
*Bassett & Mitchell*, for defendants.